**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**JOHN C. STOJETZ,**

      **Petitioner,**

   **v.**                             **Case No. 2:04CV263**
                                        **JUDGE FROST**
**TODD ISHEE, WARDEN,**           **Magistrate Judge King**

      **Respondent.**


**ORDER**

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254.  This matter is before the Court upon petitioner's motion to strike the warden's motion to dismiss procedurally defaulted claims.  (doc. no. 30).  In the alternative, petitioner asks this Court to grant him a second extension of time, until June 2, 2005, in which to file his response to respondent's motion to dismiss.  (Id.).

In accordance with the scheduling order issued on December 22, 2004, (Doc. no. 22), respondent filed a motion to dismiss procedurally defaulted claims on January 3, 2005.  (Doc. Nno. 23).  According to the scheduling order, petitioner was obligated to file his response to that motion no later than March 3, 2005.  On March 1, 2005, petitioner filed a motion seeking a 45-day extension of time, until April 18, 2005, to file his response.  (Doc. no. 24).  Counsel for petitioner argued that they needed additional time not only to research and develop their responses to respondent's assertions of procedural default, but also that they had encountered obligations in other cases that they could not have foreseen at the time they agreed to the dates set forth in the Court's scheduling order.  (Id.).  On March 10, 2005, the Court granted

petitioner's motion for the extension of time.  (Doc. no. 28).

Petitioner now files the instant motion to strike respondent's motion to dismiss procedurally defaulted claims.  Petitioner claims that respondent's motion is "nearly incomprehensible" because respondent addressed petitioner's claims according to respondent's own outline of the case as opposed to the way that petitioner has each of his claims organized in his petition for writ of habeas corpus.  Petitioner contends that respondent has "created a jumble of additional subsections which bear no relation to the claims as presented" by petitioner.  (Doc. no. 30, at 2).   In the alternative, counsel for petitioner request a second extension of time, until June 2, 2005, arguing that they need "additional time to comprehend exactly what claims [respondent] asserts are defaulted."  (Doc. no. 22, at 6).

Respondent has filed a memorandum in opposition to petitioner's motion to strike respondent's motion to dismiss.  Respondent claims that the motion to dismiss procedurally defaulted claims is organized in such a manner because the petition is "quite muddled, with numerous legal arguments buried in the middle of paragraphs."  (Doc. no 31, at 2).  Respondent contends that the motion to dismiss is easily explained by the table of claims that is attached to the return of writ.  (Doc. no. 21, Exh. C).  According to respondent, each claim and subclaim raised in the motion to dismiss is linked to the relevant paragraph of the petition.

Upon review of respondent's motion to dismiss procedurally defaulted claims, the Court is not persuaded that the motion deviates so far from the petition to effectively prevent petitioner from being able to respond to the motion.  However, given the complexity involved in comparing the petition to respondent's motion to dismiss, the Court finds that an extension of time is warranted.  For good cause shown, the Court **DENIES** petitioner's motion to strike

2

respondent's motion to dismiss procedurally defaulted claims and hereby **GRANTS** petitioner's motion for a second extension of time.  Petitioner is advised that the Court has already granted one prior extension of time and will not grant any further extensions.  Petitioner shall file his response to respondent's motion to dismiss no later than **Thursday, June 2, 2005**.  Respondent shall file a reply no later than **Thursday, June 16, 2005**.  The remainder of the Court's scheduling order shall remain in effect.

> **IT IS SO ORDERED.**

April 20, 2005                                    *s/Norah McCann King*
                                                  **Norah McCann King**
                                       **United States Magistrate Judge**