**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN C. STOJETZ,**

      **Petitioner,**

  **v.**

**TODD ISHEE, Warden,**

      **Respondent.**

Case No. 2:04-cv-263
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's motion to strike a defense or, in the alternative, for an opportunity to respond (Doc. # 105), Respondent's memorandum in response (Doc. # 107), and Petitioner's reply memorandum (Doc. # 108).

Petitioner moves to strike "Respondent's belated assertion of a *Teague v. Lane*, 489 U.S. 288 (1989) defense in a sur-reply when such a defense has never previously been raised." (Doc. # 105, at 1.) Petitioner points out that Respondent argues for the first time in his sur-reply to Petitioner's traverse that *Teague* bars relief on Petitioner's claim that trial counsel were ineffective for failing to object to jury instructions that did not require the jury to make the factual determination of death eligibility required under *Tison v. Arizona*, 481 U.S. 137 (1987). (Doc. # 105, at 2-3.) Petitioner argues that by failing to include a *Teague* defense in his return of writ, in his motion to dismiss procedurally defaulted claims, and in his reply memorandum in support of the motion to dismiss procedurally defaulted claims, Respondent should not now be permitted to raise a *Teague* defense. In this regard, Petitioner argues that "[i]t is an uncontroversial proposition that the

*Teague* defense may be waived." (Doc. # 105, at 4.)[1]

Petitioner asks in the alternative that the Court allow him an opportunity to respond to "a patently incorrect invocation of the *Teague* defense."[2] (Doc. # 105, at 5.) Petitioner argues that Respondent's invocation of *Teague* is incorrect not only because Petitioner's claim relies on principles from *Tison*, a 1987 case that predated Petitioner's direct appeal by more than a decade, but also because, even assuming Petitioner's claim relied on principles from *Richardson v. United States*, 526 U.S. 813 (1999), as Respondent asserts, Petitioner's case was not yet final on direct appeal at the time that *Richardson* was decided. Petitioner explains that, although *Richardson* was decided on June 1, 1999–*i.e.*, several months after Petitioner's direct appeal was decided in February 1999–Petitioner's case did not become final under the federal definition of finality described by *Teague* until November 5, 1999, when the United States Supreme Court denied *certiorari*. Thus, in the event that the Court does not strike Respondent's *Teague* defense, Petitioner urges the Court to consider his argument that "*Teague* imposes no barrier to this Court's consideration of Petitioner's arguments related to *Tison* as they rely upon *Richardson*." (Doc. # 105, at 6.)

Respondent argues that Petitioner's motion is without foundation. (Doc. # 107, at 3.) Citing *Lyons v. Stovall*, 188 F.3d 327, 337-39 (6th Cir. 1999), Respondent maintains that the Sixth Circuit

---

[1] Petitioner cites *Agard v. Portuondo*, 159 F.3d 98, 100 (2nd Cir. 1998), *rev'd on other grounds*, 529 U.S. 61 (2000); *Frey v. Fulcomer*, 132 F.3d 916, 920 n.4 (3rd Cir. 1997); *Blankenship v. Johnson*, 118 F.3d 312, 316 (5th Cir. 1997); *Duckett v. Godinez*, 67 F.3d 734, 746 n.6 (9th Cir. 1995); *Clark v. United States*, 59 F.3d 296, 302 (2nd Cir. 1995); and *Wilmer v. Johnson*, 30 F.3d 451, 455 (9th Cir. 1994).

[2] The Court construes the responsive arguments set forth in Petitioner's alternative motion for an opportunity to respond (Doc. # 105, at 5-6) as the response that Petitioner seeks to have the Court consider.

has held that a *Teague* claim can be raised at any time. In *Lyons*, according to Respondent, the Sixth Circuit held that it was required to decide a *Teague* issue that Respondent had neglected to raise in the district court below but raised for the first time to the Sixth Circuit on appeal. Respondent also appears to argue that Petitioner erred in arguing that Supreme Court cases decided during the pendency of a litigant's *certiorari* petition "are immune from *Teague* analysis." (Doc. # 107, at 3.) Respondent reasons that, because the United States Supreme Court noted in *Carey v. Musladin*, 549 U.S. 70, 74-75 (2006), that "clearly established Federal law" under the Antiterrorism and Effective Death Penalty Act ("AEDPA") refers to holdings of the Supreme Court at the time of the relevant state court decision, Petitioner cannot rely on *Richardson* to support a claim because *Richardson* was decided after the Ohio Supreme Court rendered its decision on Petitioner's direct appeal. (*Id.*)

Petitioner maintains that a *Teague* defense can be waived, that Respondent waived his *Teague* defense, and that Respondent's reliance on *Lyons* is misplaced. (Doc. # 108, at 102.) Petitioner argues that the portion of *Lyons* upon which Respondent relies for support of his argument that a *Teague* defense can be raised at any time garnered only one vote and was not the opinion of the majority of the judges. Petitioner directs the Court to the portion of *Lyons* in which the majority of the judges discussed *Sinistaj v. Burt*, 66 F.3d 804, 805 n.1 (6th Cir. 1995). Petitioner argues that the *Lyons* court noted that the Sixth Circuit in *Sinistaj* held that the state had waived its *Teague* defense by raising it for the first time in a motion to amend the district court's judgment. (Doc. # 108, at 2 (citing *Lyons*, 188 F.3d at 346).) Petitioner also argues that Respondent's reliance on *Carey v. Musladin* is misplaced because that decision, in defining "clearly established Federal law" for purposes of AEDPA analysis, neither addressed nor was intended to overrule *Teague*. In

3

this regard, Petitioner also argues that Respondent oversimplifies the issue of when, "temporally," a decision of the United States Supreme Court constitutes "clearly established Federal law" for purposes of a *Teague* retroactivity analysis. (Doc. # 108, at 3 n.1.)

In *Teague v. Lane*, 489 U.S. 288, 310 (1989), the United States Supreme Court held that new constitutional rules of criminal procedure do not apply to cases that became final before the new rules were announced unless those new rules fall within certain exceptions. Because *Teague* did not address a matter of jurisdiction, "a federal court may, but need not, decline to apply *Teague* if the State does not argue it." *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994). That said, when *Teague* is properly raised, it is a threshold matter that the federal court must address before deciding the merits of a petitioner's claims. *Id.* (citing *Graham v. Collins*, 506 U.S. 461, 466-67 (1993)). The issue before the Court, and one on which federal courts have been unclear, is what constitutes a "properly" raised *Teague* defense.

Citing *Lyons v. Stovall*, 188 F.3d at 337-39, Respondent argues that *Teague* may be raised at any time. Petitioner is correct, however, that Respondent's reliance on *Lyons* is misplaced for the reason that the portion of *Lyons* asserting that the State may raise a *Teague* defense for the first time on appeal garnered only one vote, that of Judge Clay, and does not constitute the opinion of the appellate court on that issue. *Lyons*, 188 F.3d at 344 n.1, 347-48. Rather, the view of Judges Gilman and Moore "that a state forfeits its *Teague* defense if it does not raise it in the district court is therefore the holding of the court on this point." *Id.* at 347-48. Thus, Respondent has not cited, and this Court is not otherwise aware of, any authority supporting the argument that a *Teague* defense may be raised at any time. Further, this Court's review of relevant case law supports Petitioner's argument that a *Teague* defense may be waived if not raised in a timely fashion. *Lyons*,

4

188 F.3d at 347-48. *See also Eaglin v. Welborn*, 57 F.3d 496, 499 (7th Cir. 1995); *Wilmer v. Johnson*, 30 F.3d 451, 455 (3rd Cir. 1994); *Ferrara v. United States*, 384 F. Supp. 2d 384, 410 (D. Mass. 2005).

Having determined that a *Teague* defense may be waived if not raised in a timely fashion, the Court must determine what constitutes "a timely fashion." Because the United States Supreme Court regards *Teague* as a "threshold" issue, logic dictates that it must be raised in the earliest responsive pleading and authority exists to support this position. In *Wilmer v. Johnson*, the Third Circuit stated that "the appropriate time for arguing that *Teague* barred consideration of petitioner's double jeopardy claim was in the answer to the habeas petition...." *Wilmer*, 30 F.3d at 454. In *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995), the Sixth Circuit held that the State had waived its *Teague* defense by raising it for the first time in a motion to amend the district court's judgment. Without specifying what he believes to be a timely *Teague* defense, Petitioner argues that Respondent's failure to raise its *Teague* defense in its return of writ answering the petition, its motion to dismiss procedurally defaulted claims, or its reply memorandum in support of its motion to dismiss procedurally defaulted claims should result in a forfeiture of the right to raise a *Teague* defense in Respondent's sur-reply to Petitioner's traverse. For reasons specific to this case, the Court will not go that far.

Although Petitioner is correct that a *Teague* defense may be waived if it is not raised in a timely fashion and although the Court agrees with Petitioner that Respondent's *Teague* defense, raised for the first time in the final brief on the merits to be considered by this Court, was untimely, the Court for several reasons elects to allow Respondent to raise its *Teague* defense. First, the *Teague* defense having been asserted, albeit belatedly, the Court prefers to address the substance of that issue rather than leave that issue unresolved. *Cf. Caspari*, 510 U.S. at 389; *Goeke v. Branch*, 514 U.S. 115, 118 (1995) (reversing case where circuit court declined to address *Teague* argument

5

that the state had made "efforts" to assert before the circuit court during oral argument). Second, because Respondent's belated assertion of the *Teague* defense appears to have been inadvertent, rather than tactical or in bad faith, the Court is less inclined to punish Respondent for the delay. *See Lyons*, 188 F.3d at 346 ("a federal appellate court should be particularly vigilant to any indication that the state intentionally neglected to raise the *Teague* defense at the district court level in the hope of getting a favorable determination on the merits....") (Gilman, J., concurring). Finally, where, as here, the Court is prepared to afford Petitioner ample opportunity to respond to Respondent's *Teague* defense, no prejudice ensues from Respondent's belated filing. *Cf. Jones v. Page*, 76 F.3d 831, 850 (7th Cir. 1996) (condoning district court's decision to *sua sponte* raise *Teague* issue where district court gave parties ample opportunity to respond). Whether or to what extent *Teague* might operate to bar relief on Petitioner's trial counsel ineffectiveness claim set forth in ground one, sub-part (E), paragraphs 260 and 263, is an issue that the Court will resolve when it decides the merits of Petitioner's claims, taking into consideration not only Respondent's *Teague* defense, but also Petitioner's response (Doc. # 105, at 5-6) and Respondent's reply memorandum (Doc. # 107, at 3).

For the foregoing reasons, the Court **DENIES** Petitioner's motion to strike Respondent's assertion of a *Teague* defense but **GRANTS** Petitioner's alternative motion for an opportunity to respond; the Court will consider the responsive arguments set forth by Petitioner in his alternative motion for an opportunity to respond (Doc. # 105, at 5-6).

**IT IS SO ORDERED.**

      **/s/ Gregory L. Frost**
      **GREGORY L. FROST**
      **United States District Judge**