IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN C. STOJETZ,

       Petitioner,

   v.

TODD ISHEE, Warden,

       Respondent.

Case No.  2:04-cv-263
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

Petitioner, a prisoner sentenced to death by the State of Ohio, brought a habeas corpus action under 28 U.S.C. § 2254.  On September 24, 2014, this Court issued final judgment, dismissing the action with prejudice.  (ECF No. 140.)  This matter is before the Court on Petitioner's Motion to Alter and Amend Pursuant to Fed. R. Civ. P. 59(E) (ECF No. 141), Respondent's Opposition (ECF No. 143), Petitioner's Reply (ECF No. 144), and Petitioner's Notice of Additional Authority (ECF No. 147).

On September 24, 2014, this Court issued a 232-page Opinion and Order considering and rejecting Petitioner's habeas corpus claims.  (ECF No. 139.)  In so doing, the Court considered the Petition (ECF No. 14), Respondent's Return of Writ (ECF No. 21), Petitioner's Memorandum in Support (ECF No. 93), Respondent's Merits Brief (ECF No. 101), Petitioner's Amendment to the Petition (ECF No. 130), Respondent's Amended Return of Writ (ECF No. 134), and Petitioner's Amended Traverse (ECF No. 137).  This Court likewise reviewed and re-reviewed the state court record totaling 5,844 pages.  (ECF Nos. 131, 132, 133.)  That apparently was not enough.

1

Among the claims that this Court considered and rejected on the basis of the voluminous materials set forth above were claims challenging trial counsel's failure to object to the prosecution's exercise of peremptory challenges (ground one), trial counsel's failure to address during *voir dire* matters of race and racism (ground three), the trial court's denial of access to grand jury materials (ground five), and trial counsel's failure to inquire about jurors' possible exposure to a damaging newspaper article (ground six).  Petitioner asks the Court to reconsider and then alter or amend its judgment on those claims, explaining that the Court committed manifest error of law as to all four.  (ECF No. 141.)  Characterizing Petitioner's motion as "nothing more than [an] attempt to delay his habeas appeal," Respondent urges this Court to issue "a speedy and summary denial of this motion."  (ECF No. 143, at Page ID # 9148.)

Federal courts may grant a Fed. R. Civ. P. 59(e) motion to alter or amend only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 803, 834 (6th Cir. 1999) (citations omitted).  The Sixth Circuit has made clear that a Rule 59(e) motion "is not an opportunity to re-argue a case."  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  This Court adheres to the principle that a motion to alter or amend is an extraordinary remedy that, in deference to the interests of finality and conservation of judicial resources, courts should only sparingly grant.  *American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997).

One of the myriad of claims Petitioner included in his first ground for relief was that his trial attorneys were ineffective for failing to object to the prosecutor's alleged use of peremptory challenges to strike women from the jury panel.  The Court rejected Petitioner's claim, noting

that its focus was not on the prosecutor's alleged misconduct but on counsel's alleged ineffectiveness and that the record established neither deficient performance nor prejudice. (ECF No. 139, at Page ID # 8993-99.) Petitioner asserts that this Court committed two manifest errors of law, first by accepting Respondent's offer of gender-neutral explanations underlying the peremptory challenges and then by not finding that ineffective assistance of postconviction counsel constituted cause and prejudice to excuse Petitioner's failure to develop or even raise these allegations. Petitioner's arguments fall woefully short of meeting the standard for Rule 59(e) relief.

Contrary to Petitioner's assertion, this Court did not merely "accept" Respondent's offer of gender-neutral justifications for the peremptory challenges. (ECF No. 141, at Page ID # 9132-34.) The Court actually reviewed the record for itself, cited to that record, and nowhere in its reasoning credited Respondent's gender-neutral explanations as a basis for the Court's rejection of Petitioner's claim. (ECF No. 139, at Page ID # 8998-99.) Further, Petitioner's emphasis on *Batson v. Kentucky*, 476 U.S 79 (1986), and *J.E.B. v. Alabama*, 511 U.S. 127 (1994), is wholly misplaced, in view of the fact that the claim before this Court was not a claim of *Batson*-based prosecutorial misconduct, but a claim of ineffective assistance of trial counsel.

Also contrary to Petitioner's complaint that this Court did not give him a fair opportunity to explain his utter failure to develop the record on these allegations, this Court did consider and reject Petitioner's argument that ineffective assistance of postconviction counsel constituted cause and prejudice to excuse the default of any postconviction claims that were not raised or developed. (ECF No. 139, at Page ID # 9083-84.) Petitioner's renewed insistence otherwise provides no basis for the extraordinary remedy of Rule 59(e) relief.

3

Petitioner asserted in his third ground for relief that his attorneys were ineffective for failing to *voir dire* prospective jurors about issues of race, racism, and bias stemming from Petitioner's membership in the Aryan Brotherhood.  The Court rejected Petitioner's claim, finding that the absence of any evidence suggesting that one or more jurors were racially biased left Petitioner unable to demonstrate either prejudice from counsel's conduct or unreasonably deficient performance on counsel's part.  (ECF No. 139, at Page ID # 9014-15.)

Relying on *Turner v. Murray*, 476 U.S. 28 (1986), Petitioner asserts that this Court committed manifest error of law by not making the starting point of its analysis the Supreme Court's recognition of the importance of addressing racism and racial bias in a capital case when the facts of the case dictate.  (ECF No. 141, at Page ID # 9139.)  Petitioner's argument misses the mark and falls startlingly short of providing a basis for Rule 59(e) relief.  *Turner* is inapposite.  In holding that "a capital defendant accused of any interracial crime is entitled to have prospective jurors informed of the race of the victim and questioned on the issue of racial bias[,]" nowhere did the Supreme Court address counsel's duty in this regard; rather, it granted relief on the basis of the trial judge's refusal upon the accused's request to question prospective jurors about racial prejudice.  *Turner*, 476 U.S. at 29, 36-37.

Nor does Petitioner's notice of additional authority support Rule 59(e) relief.  Petitioner fails to explain, and the Court cannot otherwise fathom, how the Supreme Court's distinction in *Warger v. Shauers*, 135 S.Ct. 521, 529-30 (2014), between "external" and "internal" information for purposes of determining whether Fed. R. Evid. 606(b)(2)(A) precludes admission of a juror affidavit somehow bolsters Petitioner's claim.  Nothing in Petitioner's arguments establishes manifest error of law sufficient to compel or permit altering this Court's judgment.

4

Petitioner argued in his fifth ground for relief that the trial court erred in denying him access to the grand jury proceedings that resulted in not only his indictment but also those of his accomplices. The Court rejected Petitioner's claim, finding that the speculative nature of his suggestion that the grand juries received evidence supporting multiple theories of culpability fell far short of meeting the "particularized need" standard for gaining access to traditionally secret grand jury proceedings. (ECF No. 139, at Page ID # 9022-23.) For the same reasons, the Court found that Petitioner did not meet the "good cause" for habeas corpus discovery. Petitioner asserts that the Court committed manifest error of law when it held Petitioner to a merits standard in denying his discovery request for the grand jury materials. (ECF No. 141, at Page ID # 9144.) That argument is not new, is not based on an intervening change in law, and is not targeted at preventing manifest injustice. It accordingly falls outside the scope of Rule 59(e).

In his sixth ground for relief, Petitioner asserted trial court error and ineffective assistance of counsel concerning the failure to question whether any members of Petitioner's jury had been exposed to a newspaper article attributing to Petitioner (inaccurately according to Petitioner) a damaging incriminating statement. This Court rejected Petitioner's claim because Petitioner had not shown and the Court could not presume that any member of Petitioner's jury was exposed to the newspaper article in question, especially considering that the trial court had repeatedly admonished the jury not to read or watch any news coverage about the trial. (ECF No. 139, at Page ID # 9026-27.) In seeking the extraordinary remedy of Rule 59(e) relief, Petitioner asserts that "[t]he State should not be allowed to have it both ways; i.e., the presumption is only good so long as there are no questions about a jury's exposure to potential prejudicial information." (ECF No. 141, at Page ID # 9145.) Because trial attorney Jon Doughty testified during

5

postconviction proceedings that he had not reviewed the article, Petitioner further asserts that "the factual premise upon which this Court relied, a fear that it would draw attention to the article, is rebutted by the record." (*Id*. at Page ID # 9145.)  These two points, according to Petitioner, establish that this Court committed a manifest error of law in rejecting Petitioner's claim.  Petitioner's argument tests the limits not only of credulity but also of this Court's patience.

      For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Alter and Amend Pursuant to Fed. R. Civ. P. 59(E).  (ECF No. 141.)  This Court devoted 232 pages of consideration to Petitioner's claims.  As Petitioner has provided no basis warranting more, the Court invites Petitioner to address any arguments challenging this Court's disposition of his action where they belong:  on appeal to the Sixth Circuit.

      **IT IS SO ORDERED.**

        /s/ Gregory L. Frost  
      GREGORY L. FROST  
      UNITED STATES DISTRICT JUDGE